1-iCANNELLA, J.,
dissenting with reasons.
After reviewing the record, particularly the procedural history of the case, I disagree with the majority that the trial court judgment granting the Exception of Res Judicata should he affirmed. James Mule filed a petition to have his elderly aunt, Josephine Mule Hymel, interdicted as to her property. Another nephew, Michael Mule, intervened in the proceedings. During the course of the proceedings, while awaiting the outcome of a mental examination of Ms. Hymel, both Michael and James deemed it advisable to sell a certain parcel of property that they owned with Ms. Hymel. A “Consent Judgment” was presented to the court facilitating the sale of the property. The judgment provided in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that Josephine Mule Hy-mel in hereby declared to have the legal capacity”
1. To convey her interest in the property described below;
2. To execute any an all juridical acts, including, but not limited to, the agreement to sell/purchase and act of sale, and any and all other acts which she may be required to execute pertaining to said property. (Emphasis provided.)
I find it clear that the “Consent Judgment” was for no other purpose than to facilitate the legal sale of the property at a time while the interdiction proceedings were pending and the legality of the sale at that time might be called into question. In no way do I find that it finally resolved all issues 12relevant to the interdiction proceeding. The “Consent Judgment” does not, in my view, satisfy the requirements for sustaining an exception of res judicata as to the interdiction proceedings and, therefore, I dissent from this Court’s contrary decision.